[Cite as *State v. Tate*, 2022-Ohio-4745.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :

                          Nos. 111141 and 111142

    v.                            :

PAUL TATE,                              :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED**: December 29, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644415-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Van, Assistant Prosecuting Attorney, *for appellant.*

The Law Office of Jaye M. Schlachet and Eric M. Levy, *for appellee.*

MICHELLE J. SHEEHAN, J.,

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the trial court's early termination of defendant-appellee Paul Tate's sentence of community-control sanctions. Because we find that the state did not raise the issues presented in this

appeal to the trial court and did not argue that plain error occurred within this appeal, we decline to find that the trial court's judgment is the exceptional case in which a manifest miscarriage of justice occurred or which implicates the fairness or integrity of the judicial proceedings, and we affirm the judgment of the trial court.

**Relevant Facts and Procedural History**

{¶ 2} Tate entered into a plea bargain with the state and pleaded guilty to one count of sexual battery. On June 8, 2020, the trial court sentenced Tate to a two-year term of community-control sanctions and classified Tate as a habitual sexual offender due to the fact he had two prior convictions for sex offenses. At the time of his conviction, Tate was also on postrelease control having served a prison term on a prior offense.

{¶ 3} On June 17, 2021, the docket reflects that Tate was in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"). The trial court issued a capias for Tate. Tate was returned to the custody of the Cuyahoga County Sheriff on November 16, 2021, and on November 17, 2021, the trial court set a community-control sanctions violation hearing for November 19, 2021, with notice of the hearing being electronically sent to the parties.

{¶ 4} On November 19, 2021, the trial court held a violation hearing via video conferencing. Tate, his counsel, and a representative from the probation department were present; the state of Ohio did not appear. At the hearing, the trial court learned Tate had served 145 days in prison for violating the terms and conditions of postrelease control. It further learned Tate was indicted by a federal grand jury for

possession and trafficking of fentanyl and possession of a firearm and a warrant was issued for his arrest.

{¶ 5} The trial court found Tate to be in violation of his community-control sanctions due to his federal indictment. Tate's counsel asked the trial court to terminate community control because Tate would still be on postrelease control on the unrelated case and was facing federal charges. The representative from the probation department stated Tate did not perform well under supervision, agreed that community-control sanctions should be terminated, and deferred to the trial court as to imposing an appropriate sentence.

{¶ 6} The trial court resolved the hearing by terminating Tate's two-year term of community-control sanctions early, stating "[S]hort of this federal warrant I would have imposed a prison sentence in this case." The state filed an appeal of right and also sought leave to appeal the trial court's early termination of Tate's two-year sentence of community-control sanctions. This court granted the state leave to appeal and consolidated the cases for hearing.

## Law and Argument

### This appeal is before this court by grant of leave to appeal

{¶ 7} The state filed an appeal of right and sought leave to appeal the judgment of the trial court. Tate asks that the appeal be dismissed asserting that the state has no right to appeal a trial court's decision to terminate community-control sanctions. We need not determine whether the state has an appeal of right because

this court granted the state's motion for leave to appeal pursuant to R.C. 2945.67(A), which provides in pertinent part:

> (A) A prosecuting attorney, village solicitor, city director of law, or the attorney general * * * may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case.

{¶ 8} In its motion for leave to appeal, the state alleged that because the trial court did not impose a further sanction as authorized under R.C. 2929.15(B), it was without authorization to terminate the community-control sanctions under R.C. 2929.15(C). It further argued that the trial court did not provide it, or the victim, adequate notice of the violation hearing.

{¶ 9} An error in providing notice of a community-control-sanction violation hearing or terminating community-control sanctions in contravention of R.C. 2929.15(C) could be an error subject to repetition but evading review. *See State v. Bistricky,* 51 Ohio St.3d 157, 158-159, 555 N.E.2d 644 (1990), citing *Storer v. Brown*, 415 U.S. 724, 737, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974), fn. 8; *In re Protest Filed by Citizens for the Merit Selection of Judges, Inc.*, 49 Ohio St.3d 102, 551 N.E. 2d 150 (1990) ("Ordinarily when there is no case in controversy or any ruling by an appellate court that would result in an advisory opinion, there will be no appellate review unless the underlying legal question is capable of repetition yet evading review."). Based on the state's arguments in its motion for leave to appeal, we find our grant of leave to appeal was proper.

**The trial court did not abuse its discretion in providing two days'
notice of the community-control-violation hearing**

{¶ 10} The state raised two assignments of error, and we address the second first.  It reads:

> The trial court erred in providing inadequate notice of the violation hearing.

{¶ 11} The state argues that the two days' notice given for the hearing date was inadequate to allow it to represent the interests of the state of Ohio and notify the victim of the hearing date.  In determining whether a trial court could schedule a community-control-violation hearing prior to an offender's trial on new charges, this court found that "a trial court has broad discretion in managing its docket, setting case schedules, and scheduling orders." *Rocky River v. Collins*, 8th Dist. Cuyahoga No. 104180, 2017-Ohio-14, ¶ 18.   An abuse of discretion ""implies that the court's attitude is unreasonable, arbitrary or unconscionable."" *Kostoglou v. Fortuna*, 8th Dist. Cuyahoga No. 107937, 2019-Ohio-5116, ¶ 21, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶ 12} The state does not dispute the court's authority to promptly set the community-control-sanction-violation hearing.  The state further acknowledges that it received notice of the hearing.  Despite receiving notice, the state did not object to the date of the hearing, did not seek a continuance, and did not inform the court of any problems it may have encountered to notify the victim.  By not objecting to the scheduling of the hearing and creating any record that it could not adequately

participate in the violation hearing or notify the victim within the time provided, the state has not developed any record for this court to assess the merits of its arguments. And without a record, the state's arguments to this court amount to asking this court to find that a trial court always abuses its discretion by providing only two days' notice of a violation hearing.

{¶ 13} The state does not rely upon any procedural rule regarding notice, nor does it direct us to any binding precedent that would allow us to find the trial court's two days' notice was an abuse of discretion. *See Collins*, *supra*. On this record, where Tate was in custody and facing federal charges, we do not find two days' notice of a hearing to be per se unfair, nor do we find that the trial court abused its discretion.[1]

{¶ 14} The state also argues that two days' notice was insufficient to notify the victim of the hearing in this case. The Ohio Constitution provides that a victim of crime has the right "to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated." Ohio Constitution, Article I, Section 10a. Further, after a prosecution is commenced, a prosecutor is required to provide a victim notice of certain information and rights. R.C. 2930.06(B). After that initial notice is made, a

---

[1]The state cites to *State v. Weeks*, 8th Dist. Cuyahoga Nos. 110195 and 110196, 2021-Ohio-3735, for persuasive authority that the notice given in this case was improper. However, in *Weeks*, this court determined the trial court erred by providing *no* notice of a community-control violation hearing to either the state or the offender. *Id*. at ¶ 19. Here, the trial court provided notice to the parties.

prosecutor is required to provide notifications to victims who request them. *See, e.g.*, R.C. 2930.03(B)(1) and 2903.06(C). The record is silent as to whether the victim requested further notifications; accordingly, we do not find that the notice of the hearing was inadequate.[2]

{¶ 15} The state's second assignment of error is overruled.

### The state did not object to the termination of community-control sanctions and did not argue plain error occurred

{¶ 16} The state's first assignment of error alleges that the trial court could not terminate Tate's term of community-control sanctions, but was required to impose more severe sanctions or sentence Tate to a term of imprisonment. The first assignment of error reads:

> The trial court erred in terminating community control sanctions without taking one of the actions under R.C. 2929.15(C) and where the record does not establish defendant served his community control sanctions in an exemplary manner.

{¶ 17} First, the state argues that the trial court was prohibited from terminating Tate's period of community-control sanctions early pursuant to R.C. 2929.15(C). This statute provides:

> If an offender, for a significant period of time, fulfills the conditions of a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of

---

[2] The record does not indicate any steps taken by the trial court to ensure that the victim received notice of the hearing from it or the state. Given that victims' rights to be notified are contained within the Ohio Constitution, Article I, Section 10a, as well as within R.C. 2930.01 et seq., it would be better practice for trial courts to journalize steps taken to safeguard a victim's rights. However, failure, if any, that may have occurred in notifying the victim of the hearing date, would not be grounds to reverse a sentence. *See* R.C. 2930.19(C).

the Revised Code in an exemplary manner, the court may reduce the period of time under the sanction or impose a less restrictive sanction, but the court shall not permit the offender to violate any law or permit the offender to leave the state without the permission of the court or the offender's probation officer.

R.C. 2929.15(C). The state alleges that because the trial court did not find Tate fulfilled the conditions of his community-control sanctions for a significant period of time in an exemplary manner and because the record reflects that Tate did not do so, the trial court could not reduce the time Tate was required to be on community control. Second, the state argues that after the trial court found Tate to be in violation of his community-control sanctions, it was only authorized to impose a more severe community-control sanction or a prison term pursuant to R.C. 2929.15.[3]

{¶ 18} In this case, it is not necessary to determine the extent that R.C. 2929.15(C) may or may not restrict a trial court's ability to either terminate an offender's community-control sanctions early or the extent R.C. 2929.15(B) may or may not limit the trial court's action upon finding that an offender violated community-control sanctions. The state acknowledged that it received notice of the hearing date and time. And despite having received notice of the hearing, the state failed to either request a continuance or to appear at the hearing. By not appearing at the hearing, the state never objected to the trial court's termination of

---

[3] R.C. 2929.15(B)(1) provides that if an offender violates the conditions of community control, violates a law, or leaves the state without permission, the trial court "*may* impose on the violator" one of several enumerated penalties. (Emphasis added.)

community-control sanctions.  Accordingly, the state waived all but an argument on appeal that the trial court committed plain error.

{¶ 19} Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  In the absence of plain error, "an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." (Citations omitted.)  *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977), paragraph one of the syllabus, *vacated on other grounds*, 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156 (1978).

{¶ 20} The state neither alleges that plain error occurred, nor does it argue that the outcome of the proceeding would have been different had the trial court heard its arguments.  Where a party fails to object to an error to the court below and then fails to make an argument that plain error occurred on an appeal, we will not consider the issue.  *State v. Duncan*, 8th Dist. Cuyahoga No. 110784, 2022-Ohio-3665, ¶ 23 ("Duncan has not argued plain error on appeal, and we decline to sua sponte consider the issue without a proper argument before us."); *State v. Speights*, 8th Dist. Cuyahoga No. 109733, 2021-Ohio-1194, ¶ 14 ("Where a defendant does not argue plain error on appeal, the appellate court need not consider the issue.").

{¶ 21} Even were we to address whether the trial court committed plain error in the early termination of Tate's term of community control, this court could decline to exercise its discretion to find plain error because notice of plain error is to be taken

"with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *State v. West*, Slip Opinion No. 2022-Ohio-1556, ¶ 22, quoting *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23 (even if the error satisfies the three criteria to constitute plain error, courts retain discretion to correct the error).

{¶ 22} The Ohio Supreme Court recently addressed appellate review of cases in which plain error is alleged in two cases. In *State v. Bailey*, Slip Opinion No. 2022-Ohio-4407, the court noted the heightened standards to be met when recognizing plain error, stating "intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *Id.* at ¶ 8, citing *Long*. In *State v. Bond*, Slip Opinion No. 2022-Ohio-4150, the Ohio Supreme Court reminded reviewing courts that it has discretion to recognize plain error, even when a structural error occurs. "The final consideration in the plain-error analysis is whether correcting the error is required to prevent a manifest miscarriage of justice or whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See [United States v.] Olano*, 507 U.S. [725], at 736, 113 S.Ct. 1770, 123 L.Ed.2d 508; *Long*, 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus." *Id.* at ¶ 35.

{¶ 23} In this case, those exceptional circumstances that could require correction of any error do not exist where Tate had served a sanction in prison and was subject to a federal warrant and indictment on drug-related charges. Given the

circumstances presented to the trial court, we cannot say that this is the exceptional case where an error, if any, by the trial court amounts to a miscarriage of justice or that the error affects the fairness or integrity of judicial proceedings.

{¶ 24} Because the state received notice of the community-control-violation hearing, did not object to the scheduling of the hearing, did not appear at the hearing, did not object to the early termination of the term of Tate's community-control sanctions, and did not argue that the trial court committed plain error in this appeal, the state's first assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
FRANK DANIEL CELEBREZZE, III, P.J., DISSENTS (WITH SEPARATE OPINON ATTACHED)

FRANK DANIEL CELEBREZZE, III, P.J., DISSENTING:

{¶ 26} I respectfully dissent from the majority and would have reversed and remanded the trial court's order that prematurely terminated community-control sanctions because I believe that the state's first assignment of error has merit.

{¶ 27} I would find that the trial court committed plain error because terminating Tate's community control was contrary to law. When an offender violates community control, the court sentences the offender anew and must comply with relevant sentencing statutes. *State v. Tolliver*, 8th Dist. Cuyahoga No. 111082, 2022-Ohio-3431, ¶ 7, citing *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 15. "[A] sentence imposed contrary to law constitutes a plain error and we may review it for plain error." *State v. Dowdell*, 8th Dist. Cuyahoga No. 111026, 2022-Ohio-2956, ¶ 9, citing *State v. Whittenburg*, 8th Dist. Cuyahoga No. 109700, 2022-Ohio-803, ¶ 6.

{¶ 28} Trial courts are not empowered to "'modify a criminal sentence by reconsidering its own final judgment'" absent statutory authority. *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 8, quoting *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 1. We have previously addressed the same in this court:

> "The Ohio Supreme Court has repeatedly recognized that 'trial courts lack authority to reconsider their own valid final judgments in criminal cases.' [*State v. Raber*], 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 20, citing *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997). Indeed, 'absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by

reconsidering its own final judgment.' *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 1."

*State v. Weeks*, 8th Dist. Cuyahoga Nos. 110195 and 110196, 2021-Ohio-3735, ¶ 11, quoting *State v. Ray*, 8th Dist. Cuyahoga No. 101142, 2014-Ohio-4689, ¶ 8.

{¶ 29} In the instant matter, neither party disputes that Tate was sentenced to community-control sanctions for a term of two years. Therefore, absent statutory authority, the trial court was not empowered to modify this sentence.

{¶ 30} R.C. 2929.15(B) guides the court's conduct when an offender violates their community-control sanctions. Under R.C. 2929.15(B), a trial court is authorized to impose several enumerated penalties and modifications amounting to a lengthening of community control, a more restrictive sanction, and a prison term that complies with relevant sentencing statutes. None of these contemplate actually terminating community control without further action. R.C. 2929.15(C) addresses reduction of community control and imposition of a less restrictive sanction but appears to limit this power to when an offender performs in an exemplary manner under community control. R.C. 2929.15(C) provides that

> [i]f an offender, for a significant period of time, fulfills the conditions of a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code in an exemplary manner, the court may reduce the period of time under the sanction or impose a less restrictive sanction, but the court shall not permit the offender to violate any law or permit the offender to leave the state without the permission of the court or the offender's probation officer.

{¶ 31} This court has recognized that trial courts do not have any further statutory authority to terminate community control outside of the limited

circumstance espoused in R.C. 2929.15(C), where an offender has behaved in an exemplary manner. *Weeks*, 8th Dist. Cuyahoga Nos. 110195 and 110196, 2021-Ohio-3735, at ¶ 13, citing *State v. Ogle*, 4th Dist. Hocking No. 16CA22, 2017-Ohio-869, ¶ 10, citing *State v. Castillo*, 2d Dist. Montgomery No. 24022, 2011-Ohio-1821.

{¶ 32} The trial court imposed a sentence that was contrary to law because terminating Tate's community control is contrary to R.C. 2929.15(B) and (C). R.C. 2929.15 signifies the legislature's intent to limit reductions in community-control sentences to circumstances where the offender acts in an exemplary manner.

{¶ 33} I would also note that when fashioning a sentence pursuant to a community-control violation, "R.C. 2929.15(B) requires the court to consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 20. In the instant matter, the trial court addressed Tate as follows:

> THE COURT: Mr. Tate, I will be honest with you. Short of this federal warrant I would have imposed a prison sentence in this case. I would have given you your 36 months because of these violations, but the feds want you so I'm terminating your supervision.
>
> * * *
>
> It doesn't make sense for me to hold you in the county jail or send you to state prison if the feds are just going to come in and pick you up on the warrant. You're unsuccessfully terminated and that's it.

(Tr. 79-80.)

{¶ 34} The trial court contemplated the seriousness and gravity of Tate's actions but did not sentence him accordingly and seemingly disregarded these two considerations. The trial court plainly acknowledged that becoming the subject of a federal indictment is a gross violation of community control and found him in violation. However, instead of imposing a sentence, the trial court liberated Tate of all responsibilities associated with this case. While I wholly understand the trial court's reasoning for terminating community control, such action was not authorized pursuant to R.C. 2929.15(B) or (C) and therefore constitutes plain error.

{¶ 35} Because my analysis concludes that the trial court acted contrary to law and that the trial court failed to consider Tate's gross violations in terminating Tate's community-control sanctions, I would have reversed this matter and remanded it to the trial court for imposition of a sentence in accordance with R.C. 2929.15(B).