[Cite as *In re A.J.*, 2025-Ohio-1550.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

IN RE A.J.                                          :

Minor Child                                    :

                                                       No.  114251

[Appeal by M.S., Mother]              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  May 1, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD23901337

---

***Appearances:***

A.  E. Boles, LLC, and Alisa Boles, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellee*.

ANITA LASTER MAYS, J.:

**{¶ 1}**  Appellant-M.S. ("Mother") appeals the juvenile court's findings that

the minor child ("A.J.") was an abused and dependent child, that the return of A.J.

to Mother's home would be contrary to A.J.'s best interest, and that the Cuyahoga County Department of Child and Family Services ("the Agency") made reasonable efforts to prevent removal and reunify A.J. with Mother. Mother also challenges the trial court's ultimate decision to grant legal custody to the Father. After a thorough review of the record and the applicable law, we affirm.

{¶ 2} On February 1, 2023, the Agency filed a complaint in the Cuyahoga County Juvenile Court alleging abuse under R.C. 2151.031(D) and dependency under R.C. 2151.04(B). The Agency also sought temporary custody of A.J. to Father. The complaint alleged that Mother suffered from mental-health issues, including PTSD and anxiety, that impaired her ability to care for A.J. and caused her to exhibit paranoid behaviors that induced anxiety and trauma in A.J. The Agency further alleged that Mother had discontinued counseling that A.J. needed and she lacked the appropriate judgment to care for A.J. The Agency stated that it had been involved with Mother and A.J. for six months before filing the complaint and that Mother's mental health had deteriorated. The Agency claimed that it offered mental-health services and safety planning to prevent emergency removal, but Mother refused to participate or consent to a safety plan. Finally, the Agency claimed Father was ready, willing, and able to care for A.J. The court granted Father emergency custody that same day.

{¶ 3} Mother did not attend the initial emergency hearing. However, on February 6, 2023, the trial court appointed her both trial counsel and a guardian ad

litem ("GAL"). Although Mother did not agree with the case plan, she did participate in the meeting; the Agency filed its case plan four days later. Mother denied the allegations in the complaint at her initial hearing on February 24, 2023.

**{¶ 4}** The case-plan objectives included addressing Mother's mental-health concerns and reunification. The complaint alleged that Mother was unable to accept that allegations of abuse that she reported had been investigated and disproved. The Agency further alleged that Mother's beliefs stemmed from a disconnect from reality. The case plan required Mother to undergo a mental-health assessment, follow recommendations for treatment, and provide access to progress updates for the court and the Agency. The Agency asserts that Mother was uncooperative because she refused to sign the case plan or medical releases.

**{¶ 5}** On April 21, 2023, the Agency amended its dispositional prayer, changing its request for temporary custody to legal custody of A.J. to Father. The adjudicatory hearing began on April 28, 2023 , continued and concluded on May 31, 2023. The following witnesses testified: Child Protection Specialist Shannon Hanrahan, Dr. Joshua Friedman, and Brandi Tufts for the Agency. Maternal Grandmother and a family friend testified on behalf of Mother. The court adjudicated A.J. abused and dependent on May 31, 2023, finding the allegations in the complaint proven by clear and convincing evidence. The magistrate's decision and findings of fact were filed on June 1, 2023, and included the following:

> Notice to Parties and Counsel: A party may file written objections to a Magistrate's Decision within fourteen (14) days of the filing of the

decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i) and Civ.R. 53 (D)(4)(e)(i). The objection shall be specific and state all grounds for objection in particular. A party shall not assign as an error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(iii) and Civ.R. 53(D)(3)(a)(iii) unless a party timely and specifically objects to the factual finding or legal conclusion as required by Juv.R. 40 (D)(3)(b) or Civ.R. 53 (D)(3)(b).

*In re A.J.*, Cuyahoga Juv.C. Journal Entry No. AD23901337 (June 1, 2023).

**{¶ 6}** The matter was scheduled for disposition on June 15, 2023. Following the dispositional hearing, the magistrate granted legal custody of A.J. to Father without protective supervision. The magistrate's dispositional decision was journalized on June 16, 2023. Subsequently, on June 20, 2023, the trial court issued a journal entry adopting the magistrate's May 31, 2023 decision that adjudicated A.J. abused and dependent. The journal entry also notified the parties that pursuant to Juv.R. 34(J) and App.R. 3 and 4, an appeal of the order required the filing of a notice of appeal with the clerk of the juvenile court within 30 days of the entry of judgment or final order. *In re A.J.*, Journal Entry (June 20, 2023.)

**{¶ 7}** On June 24, 2023, Mother filed objections to the magistrate's decision concerning disposition filed June 16, 2023. On June 27, 2023, the trial court overruled Mother's objections and adopted the magistrate's decision, granting legal custody of A.J. to Father. The trial court issued findings of fact on July 2, 2023.

Attorney C.J.,[1] filed a notice of appeal and motion for appointed counsel on July 19, 2023.

{¶ 8} Mother, through counsel, appealed the trial court's June 27, 2023 order adopting the magistrate's decision regarding disposition and granting legal custody of A.J. to Father. *In re A.J.*, 2024-Ohio-953 (8th Dist.). Mother claimed the trial court overruled her objections before allowing her to supplement the record with transcripts of the proceedings. This court sustained Mother's assignment of error on procedural grounds, reversed the trial court's order granting legal custody of A.J. to Father, and remanded the case to the trial court. This court instructed the court to allow Mother to file the transcript and to conduct an independent review of Mother's objections pursuant to Juv.R. 40(D)(4)(d). Her objections were the following:

  a. Mother was not given an opportunity to prove benefits or work a Case Plan.

  b. The Agency amended the dispositional prayer from temporary custody to A.J., to legal custody to A.J., prior to adjudication. Mother argued that the Agency's actions were contrary to the case plan objectives of 1) engaging Mother in mental health services and 2) reunification.

  c. Mother objected to the disposition of the case as an Abuse/Dependency case rather than a contested private custody matter. Mother claims that once it became an Abuse/Dependency case, the trial court improperly focused on the Agency's allegations rather than a best interests analysis in determining custody.

---

[1] Mother's trial counsel ("Attorney C.J.") filed a motion to be appointed counsel on July 19, 2023 for purposes of her appeal. The magistrate granted her motion by journal entry on July 20, 2023. This court appointed appellate counsel ("Attorney A.B.") by journal entry on July 23, 2023.

{¶ 9} On remand, Attorney C.J. filed in juvenile court a courtesy copy of this court's decision reversing the trial court's June 27, 2023 final order on March 14, 2024. Attorney A.B. filed a notice of filing of transcript on April 11, 2024. Thereafter, the Agency filed a brief in opposition to Mother's objections and served Attorney C.J. and Mother's GAL. No further hearings were held.

{¶ 10} On July 19, 2024, the juvenile court adopted the magistrate's June 16, 2023 decision concerning disposition when it overruled Mother's objections by supplemental entry filed July 24, 2024. Attorney C.J., Attorney A.B., and Mother's GAL were all served with the trial court's final order. On July 25, 2024, Mother requested the reappointment of Attorney A.B. for her appeal. The magistrate granted Mother's motion and reappointed Attorney A.B. as counsel for appeal on August 5, 2024. Mother now appeals, raising two assignments of error for review.

### Assignment of Error One

The trial court erred in finding: 1) the Child is abused and dependent, 2) the return of the Child to Mother's home would be contrary to her best interest, and 3) that CCDCFS made reasonable efforts to prevent removal and reunify the Child with Mother.

### Assignment of Error two

The trial court erred by failing to reappoint counsel for Mother when the original appeal on this matter was reversed and remanded for further hearing.

**Standard of Review**

{¶ 11}  Initially, we must address the applicable standard of review for the trial court's determination that A.J. was abused and dependent.  We note that Mother failed to object to the magistrate's May 31, 2023 adjudication decision that found that A.J. was abused and dependent.  The magistrate's adjudication decision was filed on June 1, 2023.  Pursuant to Juv.R. 40(D)(4)(e)(i) and Civ.R. 53 (D)(4)(e)(i), Mother had until June 15, 2023, to object, but did not do so.

{¶ 12}  An appellant's failure to object to the magistrate's decision bars them from "assigning as error on appeal the court's adoption of any factual or legal conclusion" of the magistrate and only allows an appellate court to review the decision for plain error.  Civ.R. 53(D)(3)(b)(iv): *State ex rel. Neguse v. McIntosh*, 2020-Ohio-3533, ¶ 9.  The Ohio Supreme Court has instructed reviewing courts to "proceed with the utmost caution" when applying the plain-error doctrine in civil matters. *Goldfuss v. Davidson*, 1997-Ohio-401; *State v. Morgan*, 2017-Ohio-7576, ¶ 40.  The *Goldfuss* Court stated, "The plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously effects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id*. at syllabus.

{¶ 13}  In this case, Mother does not argue plain error on appeal.  Instead, she alleges the trial court erred in making its findings of fact and conclusions of law.

As previously stated, since Mother failed to object to the magistrate's decision to adjudicate A.J. abused and dependent, in the trial court, we must accept those findings and conclusions as true. Civ.R. 53(D)(3)(b)(iv). Moreover, "[w]here a party fails to object to an error to the court below and then fails to make an argument that plain error occurred on an appeal; we will not consider the issue." *State v. Tate*, 2022-Ohio-4745, ¶ 20 (8th Dist.); *State v. Duncan*, 2022-Ohio-3665, ¶ 23 (8th Dist.). We decline to consider the issue because Mother did not argue plain error on appeal.

{¶ 14} Mother also argues in her first assignment of error that the trial court erred in determining that return of A.J. to Mother's home would be contrary to A.J.'s best interest and the Agency failed to make reasonable efforts to prevent removal and reunify A.J. with Mother. We find Mother's argument unpersuasive.

{¶ 15} Decisions concerning loss of custody are distinguishable from decisions resulting in the termination of parental rights. *In re W.A.J.*, 2014-Ohio-604, ¶ 2 (8th Dist.). Upon adjudication of neglect, dependency, or abuse, the juvenile court's determination of whether to grant legal custody to a parent or another party is based solely on the best interests of the child. *E.g.*; *In re A.C.*, 2019-Ohio-5127, ¶ 15 (8th Dist.). "Legal custody is significantly different than the termination of parental rights — despite losing legal custody of a child, the parents of the child retain residual parental rights, privileges, and responsibilities." R.C. 2151.353(A)(3)(c). *In re G.M.*, 2011-Ohio-4090, ¶ 14 (8th Dist.). R.C.

2151.353(A) provides dispositional options, once a child is adjudicated abused, neglected, or dependent by a juvenile court.

{¶ 16} Furthermore, the decision to grant or deny a motion for legal custody falls within the sound discretion of the juvenile court. *Id*. at ¶ 33. Therefore, we apply an abuse-of-discretion standard when reviewing the trial court's "ultimate decision on whether the facts as determined would make it in the child's best interests to be placed in legal custody." *E.g., In re W.A.J.*, 2014-Ohio-604, ¶ 2 (8th Dist.), quoting *In re G.M.,* 2011-Ohio-4090, ¶ 14 (8th Dist.).

{¶ 17} The record demonstrates that Mother refused to sign the case plan, which required her to undergo a mental-health assessment, comply with treatment recommendations and provide access to progress updates. Mother refused to sign releases although the Agency had been involved with Mother and A.J. for at least six months prior to the filing of the emergency motion. Mother disenrolled A.J. from counseling despite concerns of trauma associated with the child's medical condition. The Agency made reasonable efforts when it offered Mother mental-health counseling and a safety plan to prevent emergency removal, but Mother refused to participate or consent to a safety plan. In contrast, while in Father's care, A.J.'s needs were being met and she was receiving counseling. Moreover, the trial court found that a change in circumstances had occurred and granting Father legal custody was in A.J.'s best interest. Thus, we cannot say the trial court abused its

discretion when it determined that it was in A.J.'s best interest to be placed in the legal custody of Father.

{¶ 18} Accordingly, Mother's first assignment of error is overruled.

{¶ 19} In her second assignment of error, Mother contends that the trial court erred by failing to reappoint her counsel following remand from the appellate court. R.C. 2151.352 provides that an indigent parent of a child is entitled to appointed counsel at all stages of proceedings under R.C. Ch. 2151 and 2152, subject to certain exceptions. *In re S.L. v. R.L.*, 2019-Ohio-815, ¶ 41 (6th Dist.). As a threshold matter, we must determine whether Mother was represented by counsel at every critical stage of the proceedings. We find that she was.

### Attorney Representation Following Remand

{¶ 20} A thorough review of the record demonstrates that the trial court appointed Attorney C.J. as trial counsel for Mother, along with a GAL, on February 6, 2023. Attorney C.J. also filed a notice of appeal on Mother's behalf, along with a motion to be reappointed Mother's counsel on July 19, 2023. Mother now appears to argue that she was unrepresented following this court's reversal and remand to the trial court. We disagree. The magistrate reappointed Attorney C.J. as Mother's counsel on July 20, 2023, at the outset of the appeal.

## Duration of Appointed Counsel's Assignments

**{¶ 21}** In Ohio, whether an attorney remains the attorney of record, following reversal and remand to the trial court, is primarily governed by procedural and professional rules. Under Civ.R. 5(B)(2)(c), an attorney who has entered an appearance on behalf of a party remains the attorney of record unless and until the court grants a formal motion to withdraw. Additionally, the trial court's local rules govern the appointment of assigned counsel in juvenile court cases. These procedural safeguards ensure that both the court and all parties receive proper notice of any changes in legal representation. Once an attorney is appointed, they may only withdraw for good cause and with the court's consent. Juv.R. 4(F); *In re M.L.R.*, 2002-Ohio-5958, ¶ 13 (8th Dist.). Notably, Attorney C.J. never filed a motion to withdraw from representation, nor does she now claim that she withdrew.

**{¶ 22}** Mother argues that the local rules governing the duration of appointed counsel's assignments create a procedural gap or "no man's land" that leaves indigent parties unrepresented when the trial court is reversed on appeal and the case is remanded. We find this argument unpersuasive.

**{¶ 23}** The juvenile court's local rules outline the duration of assignments for appointed counsel in abuse, neglect, and dependency cases. Cuyahoga C.P., Juv.Div., Loc.R. 14 (G)(2) states,

> When an attorney has been appointed to represent a party in an abuse, neglect, or dependency case, the attorney will continue to represent the party until a final disposition is entered. For this purpose, a final disposition is: termination of Protective Supervision; termination of

Temporary Custody without Protective Supervision; Termination of Planned Permanent Living Arrangement without Protective Supervision; Legal Custody without Protective Supervision; Permanent Custody, or any order which terminates the court case or Cuyahoga County Division of Children and Family Services involvement or the party's involvement in the case.

Cuyahoga C.P., Juv.Div., Loc.R. 14 (G)(2).

**{¶ 24}** The record demonstrates that, in addition to representing Mother before the appeal, Attorney C.J. was reappointed on July 20, 2023, to represent Mother after the trial court issued its initial June 27, 2023 final disposition order. Attorney C.J. filed a courtesy copy of this court's order reversing that final disposition in the juvenile court on March 14, 2024. Consistent with the local rule, Attorney C.J.'s representation began the date of her reappointment on July 20, 2023, and continued until final disposition on July 19, 2024. *See id.* In that order, the court terminated predispositional temporary custody, pursuant to Juv.R. 13, and granted legal custody of A.J. to Father, without protective supervision.

**{¶ 25}** Importantly, Attorney C.J. was reappointed as Mother's counsel at her own request on July 20, 2023,[2] she never asked the court to withdraw from representation, was served all filings, and filed a courtesy copy of the appellate decision notifying the trial court that its June 27, 2023 order had been reversed. Consequently, Attorney C.J. remained Mother's counsel until the trial court issued its July 19, 2024 disposition order granting Father legal custody. We find the record

---

[2] Mother's GAL was not reappointed after the trial court's initial final disposition on June 27, 2023.

contains no evidence to suggest that Mother was unrepresented when the case was reversed and remanded to the juvenile court. Accordingly, the second assignment of error is overruled.

**{¶ 26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR