[Cite as *In re A.J.*, 2024-Ohio-953.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE A.J. | : | |
| A Minor Child | : | No. 113005 |
| [Appeal by M.S., Mother] | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 14, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD-23901337

---

### *Appearances:*

A.E. Boles LLC and Alisa Boles, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellee* CCDCFS.

Roger M. Bundy, *for appellee* Father.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant M.S. ("mother") appeals the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court"), filed on July 3, 2023, which adopted the magistrate's decision and committed the minor child, A.J.,

to the legal custody of the child's father ("father"). Upon review, we reverse the judgment and remand the matter to the juvenile court with instructions.

{¶ 2} On February 1, 2023, the Cuyahoga County Division of Children and Family Services ("CCDCFS") filed a complaint for abuse and dependency and for temporary custody to father. The child was committed to the predispositional temporary custody of father. In April 2023, CCDCFS filed a notice of amendment of its dispositional prayer to legal custody to father. Following an adjudicatory hearing, the child was adjudicated to be abused and dependent. A dispositional hearing was held in June 2023.

{¶ 3} On June 16, 2023, a magistrate's decision was filed that committed the child to the legal custody of father. The magistrate's decision also denied mother's motion for alternative placement and granted father's motion to modify custody, which motions had been previously filed.

{¶ 4} On June 24, 2023, mother timely filed objections to the magistrate's decision. Three days later, on June 27, 2023, the juvenile court issued a journal entry in which the court found mother's objections "are not well taken" and "do not include an affidavit or any indication that a transcript of the proceeding has been requested." However, that same day, mother filed a request for transcript of the proceedings, which the magistrate granted in an entry journalized on June 29, 2023. Notwithstanding the transcript request, on July 3, 2023, the juvenile court issued a judgment entry that adopted the June 16, 2023 magistrate's decision and ordered the child committed to the legal custody of father.

**{¶ 5}** Mother timely filed this appeal. She raises two assignments of error for our review. We begin by addressing the second assignment of error, under which mother claims she was not afforded the appropriate time to submit a transcript in support of her objections. CCDCFS concedes in its brief that there is some merit to this argument and that the second assignment of error should be sustained. Father filed a notice of concurrence with the brief of CCDCFS.

**{¶ 6}** The record shows that mother timely filed her objections to the magistrate's decision within the 14-day period permitted under Juv.R. 40(D)(3)(b). She also filed a request for a transcript that was granted. Mother had 30 days from filing her objections to file a transcript and could be given an extension pursuant to Juv.R. 40(D)(3)(b). The relevant portions of Juv.R. 40(D)(3)(b) provide as follows:

> **(b) Objections to magistrate's decision.**
>
> **(i) Time for filing**. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i). * * *
>
> * * *
>
> **(iii) Objection to magistrate's factual finding, transcript or affidavit**. An objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 7} Additionally, Juv.R. 40(D)(4)(d) provides that in ruling on timely objections to a magistrate's decision, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." This independent review requires the juvenile court to conduct a de novo review of the facts and to reach its own conclusions about the issues in the case. *In re Y.H.*, 1st Dist. Hamilton No. C-230132, 2023-Ohio-2272, ¶ 32, citing *In re A.S.*, 1st Dist. Hamilton No. C-180056, 2019-Ohio-2359, ¶ 20. "As this court has previously held, 'it is an abuse of discretion to adopt a magistrate's decision over an objection to factual findings prior to its receipt of a timely requested transcript or other materials necessary to conduct an independent review of the matter.'" *In re A.C.*, 8th Dist. Cuyahoga No. 108442, 2019-Ohio-5127, ¶ 21, quoting *In re H.R.K.*, 8th Dist. Cuyahoga No. 97780, 2012-Ohio-4054, ¶ 12; *see also In re I.R.Q.*, 8th Dist. No. 105924, 2018-Ohio-292, ¶ 24-25.

{¶ 8} The record herein reflects that the juvenile court ruled upon mother's objections three days after her objections were filed. Although nothing in the rule required mother to alert the juvenile court of her intent to request a transcript, the better practice would have been to do so. Nonetheless, mother had 30 days within which to file a transcript, and she had requested a transcript of the proceedings that was granted by the court magistrate. Notwithstanding that request, the juvenile court proceeded to enter a final judgment entry in the matter without reviewing the transcript.

{¶ 9} Accordingly, we find the juvenile court abused its discretion by prematurely adopting the magistrate's decision without waiting for the transcript to be submitted in order to conduct the independent review required by Juv.R. 40(D)(4)(d). *See In re A.C.* at ¶ 28; *In re I.R.Q.* at ¶ 24-25; *In re Y.H.* at ¶ 36-37. "[A] juvenile court cannot 'purport to conduct an independent review of the evidence when it [knows] that there [is] a transcript of the trial being prepared.'" *In re Y.H.* at ¶ 34, citing *In re R.C.*, 8th Dist. Cuyahoga No. 94885, 2010-Ohio-4690, ¶ 7, fn. 1. Mother's second assignment of error is sustained. The first assignment of error is rendered moot, and we are unable to address the issue of legal custody in this appeal.

{¶ 10} For the foregoing reasons, we reverse the juvenile court's judgment and remand the matter to the juvenile court with instructions for the court to permit mother to file the requested transcript and to then conduct the independent review required by Juv.R. 40(D)(4)(d) with regard to mother's objections.

{¶ 11} Judgment reversed, and case remanded with instructions.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR