[Cite as *In re C.H.*, 2025-Ohio-1838.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

IN RE C.H. :

                                        No. 114663

A Minor Child :

[Appeal by Father, C.S.] :

                                 :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 22, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD23905859

## *Appearances:*

David S. Bartos, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellee* CCDCFS.

MICHAEL JOHN RYAN, J.:

{¶ 1} Appellant-father C.S. appeals the juvenile court's decision to grant permanent custody of child C.H., d.o.b. May 13, 2023, to the Cuyahoga County

Division of Children and Family Services ("CCDCFS" or "agency").  For the reasons that follow, we reverse and remand.

{¶ 2} On May 16, 2023, CCDCFS filed a complaint alleging that C.H. was abused and dependent and requesting a disposition of temporary custody to the agency.  On that same date, the trial court placed the child in the emergency custody of CCDCFS.  In August 2023, the child was adjudicated abused and dependent and was placed in the temporary custody of the agency.  On November 15, 2023, CCDCFS filed a motion to modify temporary custody to permanent custody.[1]  Appellant moved for legal custody in May 2024.  After a series of continuances, the matter proceeded to trial before a magistrate on November 6, 2024.

{¶ 3} On November 7, 2024, the magistrate issued her decision, in which she recommended that the child be placed in the permanent custody of CCDCFS.  On November 12, 2024, well within the 14-day time period allotted to file objections, appellant filed his objections to the magistrate's decision along with a request for a transcript of the proceedings.  On November 20, 2024, the trial court granted appellant's request for a transcript.  Just two days later, and before appellant was able to file the transcript, the trial court issued an entry in which it overruled appellant's objections and ordered the child be placed in the permanent custody of CCDCFS.  Appellant filed a timely notice of appeal.

---

[1] The record reflects that the child's mother died in November 2023.

{¶ 4} On appeal, appellant raises three assignments of error. *See* Appendix. The agency concedes that the first assignment of error is dispositive of the appeal.

{¶ 5} In the first assignment of error, appellant argues that the trial court erred by overruling his objections before he had the opportunity to provide the court with a transcript of the proceedings.

{¶ 6} An objecting party must file a transcript or affidavit within 30 days after filing objections. Juv.R. 40(D)(3)(b)(iii). The magistrate issued her written decision on November 7, 2024, in which she recommended the child be placed in the permanent custody of the agency. The record shows that appellant timely filed his objections to the magistrate's decision within the 14-day period permitted under Juv.R. 40(D)(3)(b). Appellant also filed a request for a transcript, which the court granted. Two days later, on November 22, 2024, the trial court overruled appellant's objections and ordered the child placed in the permanent custody of CCDCFS.

{¶ 7} Unfortunately, this is not the first time this court has addressed this issue. In *In re A.J.*, 2024-Ohio-953 (8th Dist.), this court found that the juvenile court abused its discretion by prematurely adopting the magistrate's decision without waiting for the appellant to submit the transcript so that the trial court could "conduct the independent review required by Juv.R. 40(D)(4)(d)." *Id.* at ¶ 9. *See also In re A.C.*, 2019-Ohio-5127 (8th Dist.) (holding that because the trial court was alerted that the mother intended to obtain the transcript to support her objections and had granted her motion to obtain the transcript, the court should not have ruled on the objections until the expiration of the 30 days pursuant to the

juvenile rules);  *In re R.C.*, 2010-Ohio-4690, ¶ 7, fn. 1 (8th Dist.) (finding that the juvenile court, which adopted the magistrate's decision the same day it ordered the transcript prepared, "could not purport to conduct an independent review of the evidence when it knew that there was a transcript of the trial being prepared").

{¶ 8} Thus, we once again find that the juvenile court abused its discretion by prematurely adopting the magistrate's decision without waiting for the transcript to be submitted in order to conduct the independent review required by Juv.R. 40(D)(4)(d).  *See In re A.J.* at *id.*

{¶ 9} The appellant's first assignment of error is sustained.  The second and third assignments of error, in which appellant challenges the timing of the filing of the motion for permanent custody and the manifest weight and sufficiency of the evidence supporting the trial court's decision, are moot.  *See* App.R. 12(A)(1)(c).

{¶ 10} We reverse the juvenile court's judgment and remand the matter to the juvenile court with instructions for the court to permit appellant to file the requested transcript and to then conduct the independent review required by Juv.R. 40(D)(4)(d) regarding father's objections.

{¶ 11} Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

Appendix – Appellant's Assignments of Error

I.  In an action to terminate parental rights the trial court committed reversible and prejudicial error and violated father's right to due process under Article [I], Section 16 of the Ohio Constitution by failing to undertake an independent review of the magistrate's decision after granting appellant time to obtain a transcript to file supplemental objections and then overruling the appellant's objections and adopting the magistrate's decision only [two] days after granting appellant time to obtain the transcript under Juv.R. 40(D)(3)(b)(iii).

II.  The trial court's decision to grant permanent custody to the CCDCFS under R.C. 2151.414(d) is patently erroneous and as the CCDCFS had temporary custody [of the] child for less than twelve (12) months when the CCDCFS filed their motion to modify temporary custody to permanent custody on November 15, 2023.

III.  Whether the trial court's decision to grant permanent custody to the CCDCFS and in denying father's motion for legal custody is against the manifest weight of the evidence and the sufficiency of the evidence.